ANDERSON ORGANIZATION *v.* UNITED STATES (No. 4930)[1]

United States Court of Customs and Patent Appeals, December 15, 1958

*Eugene R. Pickrell* (*Richard F. Weeks* of counsel) for appellant.

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh*, trial attorney, of counsel), for the United States.

---

[1] C.A.D. 694.

Before O'CONNELL, Acting Chief Judge, and WORLEY, RICH, and MARTIN, Associate Judges

O'CONNELL, Acting Chief Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, C.D. 1885, overruling a protest by the importer, while disapproving the collector's classification. More specifically, the court found that appellant's proof had overcome the presumption of correctness attached to the collector's classification, but had failed to establish the validity of its own claim as defined in the protest, citing *United States* v. *Silk Association of America*, 16 Ct. Cust. Appls. 566, T.D. 43296. See also *Mattoon & Co., Inc.* v. *United States*, 42 CCPA 19, C.A.D. 563; *United States* v. *E. B. Miller Associates, et al.*, 43 CCPA 14, C.A.D. 603.

The merchandise consists of beef and gravy packed in air-tight containers, and was held by the collector to be dutiable as beef packed in air-tight containers at 3 cents per pound but not less than 20 per cent ad valorem under the provisions of paragraph 706 of the Tariff Act of 1930 as modified by the Trade Agreement with the Republic of Paraguay, T.D. 51649. Appellant claimed that the merchandise is dutiable under the same paragraph 706, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, but as meats, prepared or preserved at 3 cents per pound but not less than 10 per cent ad valorem.

The pertinent tariff provisions thus involved are as follows:

| Tariff Act of 1930 Paragraph | Description of article | Rate of duty |
|---|---|---|
| 706 | Meats, prepared or preserved, not specially provided for (except meat pastes other than liver pastes, packed in air-tight containers weighing with their contents not more than 3 ounces each). | 3¢ per lb., but not less than 20% *ad valorem.* |
| | General Agreement on Tariffs and Trade, T.D. 51802: | |
| 706 | Meats, prepared or preserved, not specially provided for (*except beef packed in air-tight containers* and pickled or cured beef or veal). (Emphasis supplied.) | 3¢ per lb., but not less than 10% *ad valorem.* |

As shown by the record the merchandise consists of beef with a gravy prepared from vegetable ingredients, packed in air-tight containers. The exact proportions vary considerably but it appears that, on the average, the gravy constitutes from 15 to 18 per cent of the product. Witnesses called by both parties testified as to the relative importance of the beef and gravy in the sale and use of the

merchandise, and the testimony thus elicited on those matters is conflicting.

The Customs Court, after expressing certain considerations, found that the gravy was such an important part of the merchandise as to produce a new article, which was not merely beef. The collector's classification was accordingly disapproved. However, the court found that the same factors which precluded classification of the merchandise as beef also precluded its classification as meat, and hence that the classification contended for by the importer was not correct and the importer had thus failed to sustain its burden of establishing that the merchandise was dutiable as claimed in the protest. Accordingly, the protest was overruled.

We are unable to agree with the Customs Court that the gravy added to the beef here involved caused it to become a new article in the customs sense. The question as to whether the addition of a second food element to a first results in a new article is one which has been frequently considered by the courts, and a number of cases involving such additions were cited and discussed in the decision of the Customs Court and in the briefs of the parties here. None of the cases is squarely in point, and we consider it unnecessary to discuss them individually. Considering them as a whole, it is clear that the question as to the creation of a new product is one which must be determined largely on the basis of the particular facts of each case.

The inclusion of gravy with various kinds of meat, including beef, is a conventional practice, and meats are commonly supplied with a certain amount of gravy, even though no mention of gravy is made when they are ordered. It seems unlikely, therefore, that beef with a small amount of gravy would be regarded as being anything other than beef. The situation is different from that of a stew, in which pieces of vegetables are included and a food product having a distinct status is produced. Obviously, if gravy continues to be added, so that it becomes the major portion of the food, the product cannot properly be regarded as beef, but the exact point at which the change takes place may be difficult to determine. We are of the opinion, however, that the limited amount of gravy included in the instant merchandise does not alter its essential character as beef, and that the collector's classification was therefore proper.

On the other hand, if the gravy is such an important ingredient that the merchandise cannot be classified as beef, then for the same reason a classification as meat would be improper. The only meat contained in the merchandise is beef and accordingly the merchandise is beef to exactly the same extent as it is meat. We find no indication that "meat" is to be given any greater latitude than "beef" so far as the inclusion of vegetable components such as gravy is concerned.

If, as found by the Customs Court, beef and gravy is an article distinct from beef, then meat and gravy is an article distinct from meat. It follows that if the merchandise can be classified under paragraph 706 at all, it must be as beef packed in air-tight containers.

From the foregoing, it will be seen that the importer has not sustained either part of its dual burden of establishing not only that the collector's classification is incorrect but also what the correct classification should be. If the merchandise is beef packed in air-tight containers it falls within the exception contained in the GATT provision, supra, where it was placed by the collector, and if it is a new article, then 706 is not applicable in any event. Therefore, since the importer's proposed classification that the merchandise should be classified in 706 as amended by GATT is not acceptable it has not fulfilled its obligation to offer the proper classification. The above conclusion is not affected by the appellant's contention advanced in its oral argument and brief that if the merchandise is not classifiable under paragraph 706 it is dutiable at 10 per cent ad valorem under the "similitude" clause of paragraph 1559 of the Tariff Act of 1930.

While that contention was advanced in the protest it was not argued before or decided by the Customs Court and is not included in the assignment of errors here. We, therefore, agree with the position of the Government that it is not before this court.

It may be noted, moreover, that paragraph 1559 provides that "on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value." Since the component material of chief value of the instant merchandise is beef packed in air-tight containers, it would appear that the application of paragraph 1559 would lead to the assessment of the same duty as was actually assessed by the collector.

For the reasons given, the judgment of the United States Customs Court is *affirmed*.

----

WORLEY, J., concurring.

In my opinion the judgment of the Customs Court should be affirmed but solely on the basis of the failure of the importer to prove that the collector's classification was wrong.

----

RICH, Judge, concurring.

The judgment of the Customs Court overruling the importer's protest to the collector's classification of the imported vacuum packed merchandise known as "Beef and Gravy, Listo Brand," as

"Beef, packed in airtight containers" [1] clearly must be affirmed. My reasons for so concluding, however, are not at all those given in the lower court's opinion nor are they exactly in line with the opinion of my colleague, Judge O'Connell. I therefore set forth my views of the case separately, at the cost of some repetition, in order to develop my thoughts in logical order.

The assessment of duty was made under paragraph 706 of the Tariff Act of 1930, modified as to rate by the trade agreement with Paraguay, T.D. 51649, reading as follows:

| Tariff Act of 1930 Paragraph | Description of article | Rate of duty |
|---|---|---|
| 706 | Meats, prepared or preserved, not specially provided for (except meat pastes other than liver pastes, packed in air-tight containers weighing with their contents not more than 3 ounces each). | 3¢ per lb., but not less than 20% *ad valorem.* |

The protest raises no question as to the duty of 3¢ per lb., but objects to the 20% ad valorem assessment. We quote from the protest:

The reasons for objection, under the Tariff Act of 1930, are that said merchandise is properly dutiable at 3¢ per lb. *but not less than 10% ad valorem* under the provisions of paragraph 706 of the Tariff Act of 1930, as amended by the General Agreement on Tariffs, T.D. 51802. (Emphasis ours.)

This rate reduction of the ad valorem duty is expressed in GATT as follows:

| Tariff Act of 1930 Paragraph | Description of article | Rate of duty |
|---|---|---|
| 706 | Meats, prepared or preserved, not specially provided for (*except beef packed in airtight containers* and pickled or cured beef or veal). (Emphasis supplied.) | 3¢ per lb., but *not less than 10% ad val.* |

Comparing the provisions relied on and the protest, it will be evident that to sustain its case appellant had to show that the imported beef and gravy does *not* fall within the GATT exception which denies

---

[1] The Customs Court opinion says, "The collector liquidated the merchandise under paragraph 706 of the Tariff Act of 1930, as meat, prepared or preserved, not specially provided for" but the Report of the Collector on Protest says, "The merchandise covered by the annexed protest was classified in liquidation as Beef, packed in airtight containers under Par. 706 as amended by TD 51649." As will appear, this discrepancy is of no moment and I note it only for the sake of accuracy, for the duty is the same and based on the same provision whichever way it is stated, as I shall show.

the 10% reduction to "beef packed in airtight containers." · This was the only burden on the plaintiff because no objection was made to the classification under paragraph 706 as the protest itself, quoted above, clearly shows. All the plaintiff asked for was the reduction of duty made by GATT.

The court below, however, found that plaintiff's protest had to be denied for the seemingly anomalous reason that it had been *successful* in proving the only burden on it, namely, that the beef and gravy was not "beef packed in airtight containers." This was because of the court's view that in proving the beef and gravy was not beef the importer had ipso facto proved it was not "beef, prepared or preserved" and hence, presumably, not "meat, prepared or preserved." I shall attempt to shed a little further light on the perplexities of this situation.

As to the classification under paragraph 706, it is perfectly clear to me that when the collector decided that the beef and gravy was "Beef, packed in airtight containers *under Par. 706*" (emphasis mine) he was doing two things. First, he was holding that it was within the provision of paragraph 706 for "Meats, prepared or preserved, not specially provided for" and, second, he was holding that it was also within the exception thereto which denied the 10% GATT reduction to "beef packed in airtight containers." Under these circumstances I do not see how the importer was under any burden to sustain the collector's classification, insofar as it was agreed to. I am of the opinion that the Customs Court erred in holding to the contrary.

On this aspect of the case, to pursue it a little further, the collector, the importer and the Government are all agreed that the imported beef and gravy is classifiable under paragraph 706 as "Meats, prepared or preserved, not specially provided for." The Customs Court, however, made a definite holding, in its opinion, that the beef and gravy "is not beef, prepared or preserved, for tariff purposes," and hence not "Meats, prepared or preserved" under paragraph 706, the only kind of meat in the product being beef. The court also left the collector at sea by saying, "We do not express an opinion as to what the proper classification of this merchandise is." This court is placed in the strange position of having to decide an issue which is not between the parties but between the lower court on the one hand and both parties on the other. Appellee, therefore, asks us to approve the collector's classification *in toto* and, to this extent, to *reverse* the decision of the Customs Court. I feel that this calls for clarification beyond mere affirmance of the judgment below.

In my view of this case there was just one issue to be decided. That issue was whether the beef and gravy fell within the exception expressed in GATT, "except beef in airtight containers." That issue,

as clearly raised by the protest, did not involve the more usual situation where the collector puts the goods in one category and the importer wants them in another, and has to prove both the error of the one and the rightness of the other. The merchandise was already classified as "Meats, prepared or preserved" and there it stayed, whether it fell within or without the exception. This did not require meeting the usual "double burden" of proof.[2] As appellee's brief states it, "Appellant merely claims the benefit of a duty reduction * * * the classification is not in dispute. The actual classification and the claimed classification are identical."

In considering whether the imported goods are within the GATT exception, it would be well to have in mind a more complete description of the merchandise, a factual question as to which there is no material dispute.

The product, which was in 15½ and 20¼ ounce cans, was labeled "beef and gravy." It was made by cutting boned beef into inch and a half cubes, approximately, which were batch mixed with separately prepared gravy, so-called. The gravy mixture consisted of a proprietary gravy mix containing flour, salt, caramel color and pepper which was combined with tomato puree and water. After combining the beef and the gravy, the mixture was packed in cans which were vacuum sealed and cooked in an autoclave. In the final product gravy content varied from 15% to 18%, according to the supervisor of the maker's plant, and from 7% to 23% according to analyses of import samples by the United States Customs Laboratory. The balance was meat and the meat was beef.

The collector and the appellee contend that this canned product was beef in airtight containers. There is no dispute about the containers so the question is, was it "beef"? Appellant's assertion that it is not is predicated on the contention that the phrase "beef packed in airtight containers" means "canned meat *per se*, i.e: without any non-meat ingredients in the canned product." Examples given *arguendo* are corned beef, roast beef, chili con carne, vienna sausage, chopped beef, beef in juices, canned chipped beef and brisket beef. I am unable to find anything much more substantial in appellant's argument than the unsupported assertion that these are the things in the canned beef category and that beef and gravy is not in that category. The argument, it seems to me, boils down to almost wishful thinking. This is not surprising to me, because in my

---

[2] Even the "double burden" rule must be interpreted realistically. Assuming that where the question is which of two categories a thing belongs in, the protestant must prove the collector was wrong and he is right, there are at least two different classes of cases. If the question is whether a thing is a cat or a dog, proof that it is a cat establishes both that contention and the contention it is not a dog. If the issue is a classification of a live reindeer as "cattle" or "live animals, vertebrate," the double burden is really double because proof of one does not disprove the other.

examination of the rather protracted trial testimony I found nothing on which a stronger argument could be based. Proof that anyone would consider the canned beef and gravy to be outside the tariff meaning of the expression "beef packed in airtight containers" is conspicuously absent. On this record I feel obliged to hold that plaintiff failed to sustain the burden of showing its product was outside the exception stated in the GATT reduction of duty. This requires that the protest be overruled and it is also decisive of the case. Nothing more need be decided.

On the contention that if the merchandise is not classifiable under paragraph 706 it is dutiable at 10 per cent ad valorem under the "similitude" clause of paragraph 1559 of the Tariff Act of 1930, I agree with the position of the Government and the conclusion in Judge O'Connell's opinion that it is not before this court.

While the overruling of the protest by the Customs Court must be affirmed, the holding that the collector's classification as "meats, prepared or preserved," was wrong was clearly in error. My reason for agreeing to an affirmance of the judgment rests solely on the ground that appellant failed to overcome the presumption of correctness of the collector's classification.